**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4345**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL LEE SUGGS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:06-cr-00474-RBH)

_____

Submitted:  October 29, 2007        Decided:  November 15, 2007

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

William F. Nettles, IV, Aileen Clare, Assistant Federal Public
Defenders, Florence, South Carolina, for Appellant.  Reginald I.
Lloyd, United States Attorney, Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lee Suggs appeals his sentence following a guilty plea to two counts of use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). Suggs was sentenced to thirty-two years of imprisonment. On appeal, Suggs' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal but raising as potential issues whether the district court fully complied with Fed. R. Crim. P. 11, whether the Government breached the plea agreement by not moving for downward departure, and whether Suggs' sentence was reasonable. Although advised of his right to do so, Suggs has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel first raises the issue of whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding. After a thorough review of the record, we find the district court fully complied with the requirements of Rule 11.

Counsel next asserts that Suggs provided substantial assistance to the Government and thus the Government was required to move for a downward departure. The Government was not obligated under its plea agreement to file such a motion, see United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no indication that it refused to make the motion based on an

- 2 -

unconstitutional motive such as race or religion. <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992). Rather, Suggs failed a polygraph test, thereby failing "to be fully truthful and forthright" as required under the terms of the plea agreement. Thus, Suggs failed to fully cooperate under the provisions of the plea agreement as required for the Government to consider filing a motion for downward departure. We therefore find the Government did not breach the plea agreement.

Suggs next questions whether his sentence was reasonable. This court will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of reasonableness to within-guidelines sentence). We find the district court's imposition of the statutory mandatory minimum sentences on each count, which were statutorily required to be served consecutively, after considering and examining the sentencing guidelines and the relevant 18 U.S.C. § 3553(a) (2000) factors, was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED